WILLIAMS, Judge.
This case arises from plaintiffs allegation that he was exposed to tuberculosis (TB) while incarcerated in Orleans Parish Prison. After hearing evidence, the trial judge entered judgment dismissing plaintiff’s suit. We have reviewed the record and affirm the judgment.
Plaintiff, Julius Walker, was confined to Orleans Parish Prison from October 13, 1983, until January 13, 1984, when he was transferred to Hunt Correctional Institute. Plaintiff claims that at the time of incarceration, his cell was adjacent to the cell of inmate Robert Paul. Walker claims that Paul had tuberculosis and exposed him to the disease. Further, Walker claims that in January of 1984 his tuberculosis skin test was positive and he began active treatment as a preventative measure.
Plaintiff sued Sheriff Charles Foti claiming that the sheriff and/or his employees were negligent in not removing plaintiff from the cell, not providing him with medical treatment, and not testing him periodically for the disease. By amended petition, the Department of Health and Human Resources (DHHR) was added as a defendant, plaintiffs contention being that Charity Hospital failed to diagnose Paul’s condition and, consequently, failed to advise Foti of said condition so that Paul could be isolated.
Originally, plaintiff alleged that he contracted TB while incarcerated. At the time of trial, however, plaintiff’s demand was for the mental anguish he suffered while believing he had TB. Walker never had TB, but received preventative medication for a period of one year.
After hearing evidence, the judge dismissed plaintiff’s suit. Noting that a penal institution is not an absolute insurer of the safety of the inmates, Parker v. State, 282 So.2d 483 (La.1973), the trial court stated that a prison authority is held to a standard of reasonable care, and in order to hold the authority liable, the complainant must show that the prison authority knew or had *662 reason to anticipate that harm would ensue and failed to use reasonable care in preventing the harm. Id. at 490. The plaintiff bears the burden of proving negligence. Here, the court found that the plaintiff failed to carry his burden. We agree.
To carry his burden of proof, plaintiff attempted to establish that he became TB positive while incarcerated due to exposure to a tuberculin contagious inmate, and that the exposure was due to the negligence of prison authorities.
In order to prove that plaintiff’s positive test result was due to exposure to a contagious inmate, plaintiff had to show that he was TB negative prior to incarceration. Harry Greenberg, M.D., a specialist in the treatment of TB, testified that there is no way to know from a positive skin test if or when a patient was exposed to the disease. Dr. Greenberg testified that a TB test may yield a positive result for a variety of reasons, many of which could be attributed to causes independent of the TB bacillius and occurring prior to the incarceration. Specifically, Dr. Greenberg stated that a positive skin test could result from a patient having been kissed, as a child, by a contagious adult, and that ten to twenty percent of positive skin tests result from exposure to organisms in the soil. Considering the varied reasons for which a positive result might occur, we find that plaintiff did not establish that he was TB negative prior to incarceration or rule out the possibility of exposure at a time other than during incar-eration.
Assuming arguendo that plaintiff was TB negative prior to incarceration, his burden was to establish that Robert Paul was contagious.
Robert Paul’s medical records were presented at trial and reviewed by Dr. Greenberg. Dr. Greenberg stated that on the basis of Paul’s medical records he could not tell whether Paul ever had TB, much less whether he was contagious or had active TB while incarcerated. The majority of the evidence that Paul may have had TB is based on Paul’s own claims. A notation on Paul’s medical record reads, “Patient ... states also that he was treated for TB in 1982 at CHNO.” And, plaintiff claims that he heard Paul say that he had TB,
While there is evidence that Paul took medications prescribed for TB treatment, his length of treatment was only one week, revealing, according to Dr. Greenberg, the possibility that he was being treated for something else.
Reviewing the record before us, we find that the evidence does not preponderate in favor of the conclusion that Robert Paul was contagious. Consequently, plaintiff has not carried his burden of proving that he was exposed to tuberculosis via Robert Paul. He has failed to prove any causal link between his incarceration and his positive TB skin test. Further, he has not demonstrated any negligence on the part of the prison authority or DHHR.
For the foregoing reasons the judgment of the trial court is affirmed.
AFFIRMED.